IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DENNIS EBORKA, | § | No. 1:25-CV-1332-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| ISMAEL AMAYA, | § | |
| | § | |
| Defendant. | § | |

_____

## ORDER: (1) ADOPTING REPORT AND RECOMMENDATION AND (2) DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE

Before the Court is a Report and Recommendation (the "Report") (Dkt. # 5) submitted by United States Magistrate Judge Mark Lane.  The Court finds these matters suitable for disposition without a hearing.  After reviewing the Report, the Court **ADOPTS** Judge Lane's recommendations and **DISMISSES WITHOUT PREJUDICE** Plaintiff's causes of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff Dennis Eborka ("Plaintiff") purports to sue Defendant Ismael Amaya ("Defendant") in federal court based on diversity jurisdiction.  (Dkt. # 1 at 3.)  Plaintiff pleads that Defendant harmed Plaintiff by unlawfully withdrawing "a completed and final graded coursework," which another University had allegedly

1

agreed to credit to satisfy a degree requirement.  (Id. at 4.)  Eborka alleges that

withdrawing this grade caused irreparable and considerable harm and seeks

$180,000 in damages as well as the reinstatement of the withdrawn grade.  (Id.)

On September 15, 2025, Judge Lane issued his Report, recommending

dismissal without prejudice of Plaintiff's cause of action pursuant to 28 U.S.C.

§ 1915(e)(2)(B).  (Dkt. # 5.)  Plaintiff filed his Objections to the Report on

September 25, 2025.  (Dkt. # 7.)

APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate

Judge's conclusions to which a party has specifically objected.  See 28 U.S.C.

§ 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which

objection is made.").  The objections must specifically identify those findings or

recommendations that the party wishes to have the district court consider.

Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider

"[f]rivolous, conclusive, or general objections."  Battle v. U.S. Parole Comm'n,

834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the

magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).  Furthermore, conclusory objections that fail to point out with specificity any error in the Magistrate Judge's analysis are not cognizable," and the Court here will not parse through the record to infer exactly what it is Plaintiff's objections are based upon.  See Palomo v. Collier, No. 2-23-CV-37, 2024 WL 180852, at *2 (S.D. Tex. Jan. 17, 2024) (citing Fed. R. Civ. P. 72(b)(2); Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003); Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993)).

ANALYSIS

In his Report, Judge Lane determined that Plaintiff "does not allege what legal theory he purports to bring this claim under, and liberally construing his Complaint, the undersigned cannot identify a cause of action that provides Eborka with a legal remedy based on his allegations."  (Dkt. # 5 at 3.)  Accordingly, Judge Lane determined that Plaintiff's complaint lacks an arguable basis in law or fact and recommended that it be dismissed as frivolous.  (Id.)

Plaintiff's Objections (Dkt. # 7 at 1) merely restates the brief statement of the claim that was provided in the complaint (Dkt. # 1 at 4).  Plaintiff does not object to any specific error in Judge Lane's analysis.  Plaintiff's

objections also include attachments of his academic record and screenshots from his course and Defendant.  (Dkt. # 7 at 2–7.)  Although Objections to the Report are not the proper vehicle for allowing parties to raise at the district court new evidence that was not presented to the magistrate judge, <u>Cupit v. Whitley</u>, 28 F.3d 532, 535 n.5 (5th Cir. 1994), even consideration of such evidence does not save Plaintiff's case.  The Court agrees with Judge Lane that there is no identifiable cause of action that provides Plaintiff with a legal remedy based on his allegations. Therefore, the Court will overrule Plaintiff's objections and the Report will be adopted.

<u>CONCLUSION</u>

Based on the foregoing, the Court **ADOPTS** Judge Lane's Report and Recommendation (Dkt. # 5) as the opinion of the Court.  It is further **ORDERED** that Plaintiff's cause of action is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Clerk's Office is **INSTRUCTED** to **ENTER JUDGMENT** and **CLOSE THE CASE.**

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, October 22, 2025.

_____
David Alan Ezra
Senior United States District Judge

4